PEOPLE, PLAINTIFF AND APPELLEE, *v.* HERNÁNDEZ, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Aguadilla in a
Prosecution for Violation of the Excise-Tax Law.

No. 1939.—Decided June 9, 1922.

APPEAL—HARMLESS ERROR.—Although the setting of a criminal case on appeal
from a municipal court after the lapse of ten days from receipt of the rec-
ord in the district court is contrary to subdivision 5 of section 29 of the
Code of Criminal Procedure, as amended on March 12, 1908, it is not a ground
for reversal when no showing is made that the error impaired any right of
the accused.

ID.—PLEADING.—In this case it was alleged that the court erred in refusing to
strike out the following paragraph from a complaint for violation of sec-
tion 61 of the Excise-Tax Law: " *  *  * four bottles and a small demi-
john containing alcohol were seized, making a total of two and one-half li-
ters of alcohol, also an empty gallon measure." *Held:* That even if that
paragraph be considered as superfluous matter, it would not constitute am-
biguity in the complaint, because the offense appears clearly therefrom and
that paragraph would in no way affect the essential requirements thereof.

ID.—NONSUIT.—When a defendant has presented his evidence it is presumed that
he has waived the right to move for nonsuit.

The facts are stated in the opinion.
*Mr. E. Martínez Avilés* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is a prosecution for a violation of section 61 of the the Excise-Tax Law. The case originated in the Municipal Court of Lares and the complaint reads as follows:

"That on November 13, 1921, at about 3 p. m. and at his residence in the ward of Lares, within the Municipal Judicial District of Lares, which forms a part of the Judicial District of Aguadilla, P. R., the said accused then and there wilfully, maliciously and criminally had in his possession and custody and under his control a still or apparatus for distilling rum, without having it registered in the office of the Treasurer of Porto Rico by subscribing and filing with the said Treasurer a written statement showing the particular place where such still or distilling apparatus is located or stored, the kind of still and its cubic capacity, the name of the owner thereof, his residence and the purposes for which said still or distilling apparatus has been used, is being used, or is intended to be used, thereby violating section 61 of Act No. 55 of June 15, 1919. The capacity of the said still is 80 liters, more or less, and it was impossible to seize the head and the worm because the defendant hid them just as he was detected. Also four bottles and a small demijohn were seized containing two and one-half liters of alcohol, and an empty gallon measure."

The District Court of Aguadilla heard the case on appeal and found the defendant guilty and sentenced him to pay a fine of $100, or to imprisonment one day for each dollar not paid, the subsidiary imprisonment not to exceed ninety days, and also to pay the cost. From that judgment the appeal now submitted to us was taken.

The appellant assigns the commission of four errors by the trial court.

The first error assigned is the failure of the court to dismiss the prosecution because of a violation of subdivision 5 of section 29 of the Code of Criminal Procedure. On this point we have a precedent in the decision of this court in

*People* v. *Rivas,* 16 P. R. R. 581. The court expressed itself, in part, as follows:

"It is evident, therefore, that within 10 days after the receipt of the record of the proceedings in the district court the case should have been set down for trial and in failing so to do it violated the fifth paragraph of section 29 of the Code of Criminal Procedure, as amended by the Act of March 12, 1908; but we are of opinion that while exception was duly taken—and for this reason we are authorized to consider the same—none of the rights of the accused have been impaired; and, therefore, section 1 of the Act of May 30, 1904, relative to the reversal of judgments in criminal cases, is applicable, and, according to the provisions of this act, whenever it appears that any requirement of the law has been disregarded by the trial court, the judgment shall not be reversed, unless the error appearing from the record was calculated to injure the rights of either of the parties."

And it does not appear from the transcript of the record that any right of the accused has been impaired, because the only supposed prejudice set forth in his own testimony was the fear that one of the sureties would withdraw his bail, but this was not actually done and the defendant continued at liberty.

The second error assigned consists in the overruling by the court of a motion to strike the following paragraph from the complaint:

"Also four bottles and a small demijohn were seized containing two and one-half liters of alcohol, and an empty gallon measure."

This error is of no importance. The crime charged is that the defendant had a still in his possession without having it registered in the office of the Treasurer of Porto Rico. The sole use to which the said apparatus may be devoted is distilling alcohol and this is a product which must be kept in vessels. The paragraph transcribed refers to the seizure of articles that necessarily had a connection of cause or effect

with the principal apparatus and its accessories and they are mentioned in that paragraph in order to make the complaint complete according to the actual facts. Besides, even if the said paragraph should be considered superfluous, this would create no confusion in the complaint because the crime charged therein is clearly expressed and that paragraph does not affect the essential requisites of the complaint.

The third error assigned is that the court overruled a motion for nonsuit made by the defendant. The defendant did not make that motion after the prosecution had rested, but waited until after he himself had rested. This fact demonstrates that the defendant waived his right in not making the motion in time and the trial court committed no error in overruling the said motion. See the cases of *People* v. *Alvarado,* 19 P. R. R. 827, and *People* v. *Ojeda,* 26 P. R. R. 392.

The fourth and last error assigned by the appellant is that the trial court erred in weighing the evidence.

The evidence presented by the district attorney consisted of the testimony of two policemen who were eye-witnesses of the facts and seized the *corpus delicti,* and against this evidence the defendant presented the testimony of one witness and his own. There is thus a conflict in the evidence, but the court below adjusted it against the defendant, and as it does not appear from the record that a grave or manifest error was committed or that the court acted with passion, prejudice or partiality in weighing the evidence, we are not in a position to interfere with the court's action and for this reason and those set forth above the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.